ST. FRANCOIS COUNTY vs. CATHARINE PEERS.

1. The repeal of section 13, article 1—roads and highways—by the act of 1847, did not, by implication or otherwise, repeal sections 16, 17, 18 and 19 of the act of 1845, though seemingly dependant upon the 13th section. The only effect was to leave to the discretion and practice of the county courts, the time of receiving and acting upon remonstrances: St. Francois county vs. Marks, post page 539.

ERROR to St. Francois Circuit Court.

BEAL, for plaintiffs in error.

The circuit court committed error in sustaining the demurrer for the following reasons:

1st. At the time the defendant presented her remonstrance there was no law giving to any one owner, on whose land a county road may be located, damages for the passage of such road. The 13th section of the first article of the act concerning "roads and highways," statutes 1845, under which the most of the proceedings in this cause were had, was repealed long before: See acts 1846–7, p. 127, sec. 1, and by implication secs. 16, 17, 18, 19, of the first article of the same acts of 1845 were also repealed at the same time. There being no right of way taken, nor surveys made, and the facility with which county roads may be changed or vacated, clearly show that the legislature designed to make the law for establishing county roads so as to suit the wants and necessities of every community, without subjecting the county to pay damages to all persons over whose land a county road might pass: Statutes 1845, article 1, roads and highways. This construction being correct the reports of both sets of commissioners and all orders of the court relative thereto, are void. The doctrine that government has no right to take private property for public purposes, does not apply here.

2d. But supposing the defendant in error to be entitled to damages for the passage of a county road over her land under secs. 16, 17, 18, 19 of the first article of the act before referred to; then it is contended that she did not present her remonstrance in the time required by the 16th section. Under it she is required to present her remonstrance at the next term

St. Francois county vs. Peers.

(which was May term) after it was ascertained that the commissioners had marked out the proposed road, that being the term to which a summons issued under the 13th section would have been returnable. This she did not do by herself nor by her agent.

3d. The county court has the power to reject a report of commissioners to assess damages, whenever it shall appear right and proper to do so. This is the tribunal to which the report must be made, and if there is any thing wrong, fraudulent or improper, it is the duty of the court to correct or reject it. The defendant not being required to relinquish a right of way on the land, she can acquire no right to damages (unless given by law) until a proper report is made and received. The report of commissioners appointed to assess damages in county roads is not final and conclusive regardless of error.

4th. The report of the second set of commissioners was properly rejected for the following reasons:

The law requires all three commissioners to "review the proposed route" before they assess damages. The report shows that only two of them "examined the lands of the estate of John D. Peers," through which the proposed road passed, and then they assess damages. It does not appear they ever saw the proposed route. This was not in compliance with the law: Statutes 1845, roads and highways, art. 1, secs. 18, 19.

The report does not show what kind of grievances were sustained by the defendant; nor does it show, as it should, that the objector sustained the damages by reason of the road being opened and continued through his land: Ib.

The report is too vague. It should show over what particular land the route passed and how much was taken thereby.

The damages are excessive. It appears by the answer, admitted by the demurrer that not more than one acre and a half of uncultivated and unenclosed land is taken by the passage of the road. One of the commissioners who makes report acting as assessor for the county in the same year in which the damages are assessed, valued the same land at $2 65 per acre, and for the year following, for the same, acting under oath in every instance.

The commissioners misconceived their duties and the report was properly rejected.

JOHNSON, for defendant.

The court did right in sustaining the demurrer to the answer of the county court. They showed no legal reason for not drawing their warrant on the county treasury for the sum assessed. The reviewers were sworn according to law, examined the lands through which the road ran and a majority reported $60 00 in favor of plaintiff. The law expressly permits a majority to assess the damages: "Roads and highways," secs. 18 and 19, art. 1, page 963. It was not necessary that the reviewers should show in their report all the reasons and considerations that operated in their minds in making up their opinion; they are simply required to report that they examined the land and how much they assess the plaintiff's damage: sec. 19. The right of the remonstrant to adequate compensation became a vested right so soon as the road was established, and her right to a particular amount became complete so soon as the assessment was completed: Wilkerson vs. Buchannan county, 12 Mo. Rep. 330, and the authorities there cited. The assessment of the reviewers is conclusive both on the remonstrant and the county. There is no provision in the law which provides in the case of county roads, as in some special acts on roads, that the county court may set aside the assessment of the reviewers and appoint others in their stead. The right of the remonstrant being a vested right to a particular sum as soon as the assessment was completed, the county court could not destroy the right by refusing to receive the report. A breach of their duty could not destroy our rights.

BIRCH, J., delivered the opinion of the court.

The facts in this case being substantially the same as in the case of the county vs. Marks, (just decided) the judgment of the circuit court is, for the same reasons, affirmed.

1. The repeal of section 13, article 1—roads and highways, by the act of 1847, did not, by implication or otherwise, repeal sections 16, 17, 18 and 19 of the act of 1845, though seemingly dependant upon the 13th section. The only effect was to leave to the discretion and practice of the county courts, the time of receiving and acting upon remonstrances.

BEAL, for plaintiff in error.